

# United States Court of Appeals for the Fifth Circuit

A True Copy
Certified order issued Jun 13, 2024

*Lyle W. Cayce*

Clerk, U.S. Court of Appeals, Fifth Circuit

No. 24-50446

United States Court of Appeals
Fifth Circuit

**FILED**

June 13, 2024

Lyle W. Cayce
Clerk

IN RE SCHLUMBERGER TECHNOLOGY CORPORATION,

*Petitioner.*

---

Petition for a Writ of Mandamus
to the United States District Court
for the Western District of Texas
USDC No. 5:21-CV-142

---

## UNPUBLISHED ORDER

Before CLEMENT, ENGELHARDT, and RAMIREZ, *Circuit Judges*.

PER CURIAM:

Trever Guilbeau filed a putative collective action under the Fair Labor Standards Act ("FLSA") on behalf of himself and other similarly situated Schlumberger Technology Corporation employees, alleging that Schlumberger had failed to pay overtime.[1] Schlumberger moved for summary judgment, arguing that Guilbeau and the other collective members were exempt from overtime under the FLSA's highly compensated employee exemption (the "HCE exemption"). The district court denied

---

[1] Guilbeau was joined in his suit by co-plaintiff Christopher O'Mara, who filed similar FLSA claims on behalf of himself and a different group of Schlumberger employees. O'Mara's claims on behalf of this separate putative collective are not relevant to this proceeding.

Schlumberger's motion and granted Guilbeau's motion to issue notice of the action to all potential members of the collective. Schlumberger previously petitioned this court for a writ of mandamus vacating the district court's order and rendering judgment for Schlumberger, which we denied as premature. Schlumberger now renews its petition, which is ripe for our review and, for the following reasons, is DENIED.

A writ of mandamus is "a drastic and extraordinary remedy reserved for really extraordinary causes." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (internal quotation marks and citation omitted). To merit such relief, a petitioner must show: "(1) that there is a 'clear and indisputable' right to the writ; (2) that there are 'no other adequate means to attain the relief' requested; and (3) that the appellate court's exercise of discretion to issue the writ would be 'appropriate under the circumstances.'" *In re Jefferson Par.*, 81 F.4th 403, 409 (5th Cir. 2023) (quoting *In re Itron, Inc.*, 883 F.3d 553, 567 (5th Cir. 2018)). Although Guilbeau rightly concedes that, absent mandamus relief, Schlumberger has no other means of preventing the issuance of notice to potential plaintiffs, *see In re A&D Interests, Inc.*, 33 F.4th 254, 256 (5th Cir. 2022) (per curiam), he disputes that the other two prongs of the test are satisfied.

We begin and end with whether Schlumberger has established a "clear and indisputable" right to the writ. To meet this standard, Schlumberger was required to make "more than [a] showing that the court misinterpreted the law, misapplied it to the facts, or otherwise engaged in an abuse of discretion." *In re Lloyd's Reg. N. Am., Inc.*, 780 F.3d 283, 290 (5th Cir. 2015). Indeed, "even reversible error by itself is not enough to obtain mandamus." *Id.* (citing *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 309–10 (5th Cir. 2008)). Rather, Schlumberger had to "show not only that the district court erred but that it *clearly and indisputably* erred" in ordering that notice be sent. *In re JPMorgan Chase & Co.*, 916 F.3d 494, 500 (5th Cir. 2019) (internal quotation

marks and citation omitted) (emphasis in original). In other words, Schlumberger needed to show that denying notice and granting Schlumberger summary judgment in this case was "a judicial duty established beyond debate," *Jefferson Parish*, 81 F.4th at 411, such that, by failing to do so, the district court engaged in "a usurpation of judicial power," *A&D Interests*, 33 F.4th at 257 (internal quotation marks and citation omitted). Schlumberger has not made such a showing.

*A&D Interests* is instructive. There, an employer petitioned for a writ of mandamus to vacate a district court order requiring that notice be sent to potential members of a FLSA collective who signed arbitration agreements. *A&D Ints.*, 33 F.4th at 255. Critically, only three years earlier, we had explicitly held that "district courts may not send notice [of a FLSA collective action] to an employee with a valid arbitration agreement." *JPMorgan*, 916 F.3d at 501. Because the district court's order was in direct contravention of this binding precedent, we found that the employer's right to mandamus relief was "clear and indisputable." *A&D Ints.*, 33 F.4th at 257–59.

Here, Schlumberger's petition—and, it appears, this entire case— hinges on which of two alternative regulations applies to determine whether employees like Guilbeau are within the HCE exemption. *See Gentry v. Hamilton-Ryker IT Sols., L.L.C.*, 102 F.4th 712, 718–19 (5th Cir. 2024) (describing two "alternative route[s]" for satisfying the HCE exemption). Schlumberger argues that Guilbeau and his colleagues—who received a bi-weekly salary plus additional "Rig Day Rate" compensation—are paid "on a weekly, or less frequent basis" and therefore 29 C.F.R. §§ 541.602(a) and 541.604(a) apply. Guilbeau, on the other hand, claims that he is paid "on an hourly, a daily or a shift basis" and therefore 29 C.F.R. § 541.604(b) governs. But unlike in *A&D Interests*, the answer to this dispositive question is far from clear or indisputable. In fact, just two weeks ago, Schlumberger

acknowledged to the district court that the Fifth Circuit "has not definitively ruled on the issues presented here."

True, Schlumberger's position may ultimately prove to be the correct one. The Tenth Circuit recently held that "Schlumberger's day-rate bonus system fits squarely within § 541.604(a)." *Wilson v. Schlumberger Tech. Corp.*, 80 F.4th 1170, 1177 (10th Cir. 2023). And in our unpublished decision in *Hebert v. FMC Technologies, Inc.*, this court held that "Section 604(b) is inapplicable" to an employee who is "paid a guaranteed bi-weekly salary" plus a "field service premium." No. 22-20562, 2023 WL 4105427, at *2 & n.5 (5th Cir. June 21, 2023), *cert. denied*, 144 S. Ct. 820 (2024). But in a more recent and published opinion—albeit in "factually dissimilar" circumstances—we reached a conclusion that was "in tension with the Tenth Circuit's [*Wilson*] decision," which we felt had "overlooked the antecedent question [of] whether the salary [at issue] . . . provided a true weekly rate." *Gentry*, 102 F.4th at 725 (internal quotation marks omitted). What is more, the same question presented in this case is at issue in two other cases pending before our court on plenary review—No. 22-30227, *Venable v. Smith International, Inc.* and No. 22-30819, *Boudreaux v. Schlumberger Technology Corp.*—including one that has already received oral argument.

Put simply, the dispositive question in this case is still up for debate. And even if the district court reached the wrong conclusion, its decision was not so clearly and indisputably wrong as to warrant mandamus relief. *See JPMorgan*, 916 F.3d at 500; *see also Lloyd's*, 780 F.3d at 290 ("[E]ven reversible error by itself is not enough to obtain mandamus."). Moreover, the question at issue here is already being considered by other panels of this court, and we decline to permit Schlumberger to use a mandamus petition as

a tool to short-circuit the appellate process and leapfrog its case to the front of the Fifth Circuit's line.[2]

IT IS THEREFORE ORDERED that the petition for a writ of mandamus is DENIED.

IT IS FURTHER ORDERED that the motion to stay the district court proceedings pending resolution of the petition for a writ of mandamus is DENIED AS MOOT.

---

[2] Still pending before the district court is Schlumberger's motion to stay the order requiring Schlumberger to provide a list of potential collective members to Guilbeau and permitting Guilbeau to issue notice. We are confident that the district court will give close consideration to our published *Gentry* decision—including the key "factual[] dissimilar[ities]" that distinguished the compensation scheme at issue in that case from the schemes at issue in *Wilson* and *Hebert*—and take note that two impending decisions of this court will bear closely on the merits of Guilbeau's claims when ruling on Schlumberger's motion.